# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3916

_____

| | | |
|---|---|---|
| Paul Michael Blaise, "UnRabbi", | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| James McKinney; Herb Maschner; | * | |
| James G. Helling; John R. Emmett; | * | **[UNPUBLISHED]** |
| Terry E. Branstad, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 6, 1999
Filed: July 12, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Inmate Paul Michael Blaise appeals the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 challenge to the "pay-for-stay" incarceration fee and the medical co-payment fee under Iowa Code Ann. §§ 904.108(7)

_____

[1]The HONORABLE ROBERT W. PRATT, United States District Judge for the Southern District of Iowa.

and 904.702 (West Supp. 1998).[2]  Blaise argues that imposition of these fees violates the Ex Post Facto Clause, the Eighth Amendment, and the Due Process Clause.

After de novo review, see Fogie v. Thorn Americas, Inc., 95 F. 3d 645, 649 (8th Cir. 1996), cert. denied, 520 U.S. 1166 (1997), we conclude that summary judgment was proper.  We recently held that section 904.108(7) is not an ex post facto law, because--in authorizing collection of part of the costs of incarceration--neither its purpose nor its effect is punitive.  Walters v. Kautzky, No. 98-3724, 1999 WL 314122 (8th Cir. May 17, 1999) (unpublished per curiam); see Collins v. Youngblood, 497 U.S. 37, 43 (1990) (statute violates Ex Post Facto Clause if it retroactively increases penalty for criminal actions); Fleming v. Nestor, 363 U.S. 603, 612-21 (1960) (statute does not violate Ex Post Facto Clause if it does not intend to punish and serves legitimate interest).  With regard to the challenged portion of section 904.702, Blaise has not shown that the medical co-payment fee resulted in an increase in his punishment or that the statute was enacted for the purpose of punishment.  See Walters, 1999 WL 314122, at *1.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prisons to provide basic medical care to inmates, but does not require that medical care be provided at no cost.  See Estelle v. Gamble, 429 U.S. 97, 103 (1976); Reynolds v. Wagner, 128 F.3d 166, 173-174 (3d Cir. 1997).  Blaise has not shown that he was denied necessary medical care based on his inability to pay the $3 medical co-payment or that serious medical needs were not addressed.  See Estelle, 429 U.S. at 104 (deliberate indifference to inmate's serious medical needs constitutes cruel and unusual punishment); Reynolds, 128 F. 3d at 175 (deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in our society).  Absent a showing

---

[2]As of January 1999, the pay-for-stay provision is contained in Iowa Code Ann. § 904.108(6) (West Supp. 1999).

that section 904.702 was enacted for punitive purposes, Blaise's excessive-fines claim also fails. Cf. Austin v. United States, 509 U.S. 602, 609 (1993) (Excessive Fines Clause limits government's power to extract payments as punishment for offense).

We agree with the district court that Blaise failed to support his due process claims in resisting defendants' summary judgment motion and therefore failed to demonstrate a genuine issue of material fact on those claims. See Fed. R. Civ. P. 56(e).

Accordingly, we affirm.

A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.